IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN LEWIS WRAY,           )
                           )
        Plaintiff,         )
                           )
        v.                 )    1:13CV525
                           )
MR. SORRELL SAUNDERS, et al., )
                           )
        Defendant(s).      )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, previously submitted a civil rights action pursuant to 42 U.S.C. § 1983 in case 1:13CV350. After it was Recommended that the case be dismissed without prejudice because of deficiencies in that Complaint, Plaintiff submitted a new Complaint, which the Court will treated as a new action in light of the prior Recommendation. However, the form of the Complaint is still such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. Plaintiff continues to name many improper Defendants such as supervisory officials and his former criminal defense attorneys. As Plaintiff was told in the prior action, this is not proper.

3. Plaintiff also continues to attempt to use an action under § 1983 to challenge his criminal convictions. Again, just as he was informed earlier, he cannot do this. If he wishes to challenge his criminal convictions and be released from prison, he must file a petition for habeas corpus under 28 U.S.C. § 2254 in the

District where the county in which he was convicted is located. As noted in another action filed by Plaintiff, 1:13CV670, this appears to be the Western District of North Carolina. Plaintiff should file any habeas action there.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

Plaintiff also filed a Motion to Add (Docket Entry 2) which seeks to add more of his former attorneys as Defendants and to add further allegations aimed at attacking his conviction. This is not proper for the reasons set out above. Therefore, the Motion to Add will be denied.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS FURTHER ORDERED that Plaintiff's Motion to Add (Docket Entry 2) is DENIED.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above by stating a proper claim under § 1983. He should not continue to attempt to use § 1983 to challenge his criminal convictions..

This, the 25th day of August, 2013.

／s／ Joe L. Webster
Joe L. Webster
United States Magistrate Judge